UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CEDRIC STEWART,              ) | |
| )| |
| Plaintiff,       ) | |
| ) | |
| v.              ) | Civil Action No.  14-0865 (RC) |
| ) | |
| ) | |
| RIVERSIDE COUNTY COURT,  ) | |
| ) | |
| ) | |
| Defendant.     ) | |

## MEMORANDUM OPINION

This civil action commenced by a prisoner proceeding *pro se* was provisionally filed on May 23, 2014. The case was formally filed on June 27, 2014, after plaintiff's payment of the filing fee in lieu of proceeding *in forma pauperis*. *See* May 23, 2014 Order [Dkt. # 3] (holding ruling on *in forma pauperis* application in abeyance pending compliance with the filing fee requirements of the Prison Litigation Reform Act ("PLRA")). The Clerk of Court issued a summons on July 1, 2014, which plaintiff, as a paid litigant, was obligated to serve upon the named defendant within 120 days. On November 14, 2014, the Court notified plaintiff about his responsibility to serve defendant with process in accordance with Fed. R. Civ. P. 4., and directed him to show cause why the case should not be dismissed based on his failure to do so. *See* Order [Dkt. # 4]. In response, plaintiff states that "I'm in forma pauperis" and seeks an explanation why service was not perfected by the United States Marshal "because all fees were paid in full." Pl.'s Resp. [Dkt. # 5].

In light of plaintiff's apparent confusion about his role with regard to service, the Court has reviewed the complaint under the PLRA's screening provisions, *see* 28 U.S.C. § 1915A, and finds subject matter jurisdiction wanting. Consequently, this case will be dismissed. *See* Fed. R.

1

Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff sues the Riverside County Court in Riverside, California, for $30 billion in money damages. The one-page complaint consists wholly of incoherent statements that identify no basis for federal court jurisdiction. Plaintiff alleges, for example, that the defendant court "is forcing me to do business with them, without a contract agreement. No notary empowered to witness and certify documents. No federal copyrights Law. The court . . . has no flag of U.S.A. in courts. The courts are under a federal jurisdiction, and placing a public official in high authority is a misdemeanor offence."

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). Hence a complaint "may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Because the instant complaint satisfies this standard, this case will be dismissed. A final order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: January 7, 2015